**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GUSTAVO GUZMAN, | No. 10-15983 |
| Plaintiff - Appellant, | D.C. No. 1:08-cv-01796-DLB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted June 29, 2012[**]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Gustavo Guzman  appeals pro se the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review a district court's judgment upholding the denial of social security benefits de novo, *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008), and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)

Guzman challenges the ALJ's determination that he retained the residual functional capacity to perform the full range of medium work during the time covered by his claim. The ALJ considered all the evidence relevant to Guzman's functional limitations, including objective medical evidence, the opinions of medical sources, and Guzman's statements. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) (in determining a claimant's RFC, an ALJ must consider all the relevant evidence in the case record). Guzman fails to identify relevant evidence the ALJ neglected to consider.

The objective medical findings were generally normal, showing no more than mild disc bulging at one vertebral space in the lumbar spine. The medical opinions were also quite benign, the most restrictive precluding Guzman from engaging in very heavy work. Guzman subjectively claimed greater functional

restrictions due to back pain, but the ALJ discounted his statements, primarily because examining physicians believed he was exaggerating his symptoms and functionally elaborating his limitations to a significant degree. Although other physicians did not think he was malingering, no medical source suggested Guzman was precluded from any activity less demanding than heavy work.

Even assuming that the ALJ erred by relying, in part, on Guzman's failure to obtain medical treatment at the time of his injury, that error is harmless because there was other substantial evidence, including affirmative evidence of malingering, supporting the ALJ's decisions regarding Guzman's credibility and residual functional capacity. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196-97 (9th Cir. 2004).

The ALJ's determination that Guzman retains the capacity for medium work is a rational interpretation of the record as a whole that accounts for all the evidence. Even if the evidence could be construed differently in a manner more favorable to Guzman, the court is not entitled to second-guess the ALJ's findings of fact. 42 U.S.C. § 405(g); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir. 1995) (ALJ's factual findings must be upheld if supported by inferences reasonably drawn from the

record and if evidence exists to support more than one rational interpretation, the court must defer to the Commissioner's decision).

Accordingly, the judgment of the district court is **AFFIRMED.**